UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
L.M. individually and on behalf of her child J.M., a minor,

                            Plaintiff,

     -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                           Defendant.
------------------------------------------------------------- x

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND EXPENSES**

24 Civ. 4289 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff L.M. sues individually and on behalf of her child, J.M., to recover the fees and expenses of her successful attorneys. She seeks $44,514.50 in attorneys' fees and costs, incurred in a successful hearing for one academic year before the New York City Department of Education ("DOE"), and in litigation in this court to recover the fees.

      Defendant opposes, claiming that the fees are excessive and that Plaintiff rejected a settlement offer, thereby burdening this Court with needless motion practice. For the reasons below, I hold that Plaintiff is properly entitled to recover the amount of $44,514.50.

## DISCUSSION

      J.M. is a child with several disabilities, including cerebral palsy, epilepsy, cortical visual impairment, microcephaly, and global delays impacting her speech, physical, visual, and overall functioning. She needs a twelve-month academic placement in a small classroom setting, with an individualized program and various medical services, including physical therapy, occupational therapy, and speech therapy. The DOE's Committee on Special Education ("CSE") recommended an Individualized Education Plan ("IEP") for J.M. that L.M. thought was inadequate.

1

With the help of hired legal counsel Roller Law, L.M. filed a ten-day notice letter with the DOE indicating her disagreement with the proposed program for J.M. She then enrolled J.M. at the Seton Foundation, Mother Franciska Elementary School instead. J.M. remained enrolled there for the 2020-2021 academic year. Roller Law continued to represent Plaintiffs, litigating a Due Process hearing to seek tuition reimbursement for the private school tuition. That hearing took place over the course of three dates between September 2020 and March 2021.

The Independent Hearing Officer ("IHO") ruled in favor of Plaintiffs, holding that the DOE failed to prove that its proposed IEP constituted a free appropriate public education, that the Seton Foundation was an appropriate placement, and that the equities weighed in favor of L.M., thus satisfying the *Burlington-Carter* test that is applied when parents seek tuition reimbursement for private school placement. ECF No. 23, Ex. 5 at 8-9; *see also Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985); *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993). The IHO also held that J.M. was entitled to attend Seton at the expense of the DOE. ECF No. 23, Ex. 5 at 9.

Plaintiff obtained complete relief at the hearing, and therefore is the prevailing party. Prevailing parties under the Individuals with Disabilities Education Act are awarded reasonable attorney's fees, in the court's discretion. 20 U.S.C. § 1415(i)(3)(B)(i)(I). "Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

The attorney's fees and costs that Plaintiff seeks in this action are as follows:

Hearing # 196153 — $38,269.50

Federal lawsuit — $6,245.00

As was true in a similar case I adjudicated, *J.H. v. New York City Department of Education*, 23 Civ. 4753 (AKH), 2024 U.S. Dist. LEXIS 91161 (S.D.N.Y. May 21, 2024), Plaintiff's lawyers are skilled in this specialized field and put in proper time and preparation, and they should be compensated accordingly. I hold that the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974), have been substantially satisfied. Although there are instances in which courts have awarded lower fees, I find that the rates charged for the lawyers, $450 to $550, and for the paralegals, $125 to $200, are reasonably in line with market rates, giving regard to the special skill of Plaintiff's lawyers and the complexity of special education law, and are reasonable in light of the work required. *See, e.g., Y.G.*, 2022 WL 1046465, at *2 (awarding $550/hour for partners and $225/hour for all paralegals in "heavily contested" IDEA proceedings); *see also J.H.*, 2024 U.S. Dist. LEXIS 91161 at *4-5.

As to Defendant's argument that Plaintiff should have accepted their settlement offer for the partial amount of $36,500.00 and avoided additional litigation in this Court, that claim holds no merit: Plaintiff is entitled to continue litigating her claim and to seek full relief from the court.

## CONCLUSION

For the above reasons, the motion for fees and costs is granted. The Clerk is instructed to enter judgment in Plaintiff's favor for $44,514.50, plus post-judgment interest pursuant to 28 U.S.C. § 1961, calculated as of April 29, 2025. The Clerk is instructed to terminate the open motion at ECF No. 21 and mark the case closed.

SO ORDERED.

Dated:   April 29, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3